# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SEAN KEALEY,

        Plaintiff,

vs.

CHRIS RUSSELL, et al.,

        Defendants.

Case No. 3:19-CV-00741-RCJ-CLB

**ORDER**

    Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finding merit in all but one of Plaintiff's claims, the Court grants Defendant's motion in part and denies it in part.

## FACTUAL BACKGROUND

    Plaintiff alleges the following: In 2015, he and Defendant met in Utah and engaged in negotiations which culminated in an oral agreement to form a limited partnership for the purpose of purchasing and operating car dealerships. Under the terms of the agreement, Defendant would be responsible for the debts and liabilities of the partnership and would oversee financials, while Plaintiff would operate and oversee the dealerships. Seventy-five percent of the partnership's profit would go to Defendant and twenty-five percent to Plaintiff. Further, Plaintiff would receive a separate salary for his management of the dealerships.

The partnership first purchased and opened a dealership in Moscow, Idaho, known as Quad Cities Nissan ("QCN"). After this dealership experienced success, the partnership decided to open a second dealership in Washington, known as Bellingham Nissan ("BN"). Plaintiff moved to Washington on behalf of the partnership to open and manage BN. To allow Plaintiff to focus on BN, the partnership appointed a new manager at QCN. Defendant requested to buy out Plaintiff's partnership interest in QCN, so that Defendant could enter into a partnership with the new manager, and Plaintiff agreed. Plaintiff never received payment for the sale of his partnership interest in QCN, which is currently worth $98,942.

Under Plaintiff's management, BN also succeeded and, due to this success, Nissan offered the partnership the opportunity to open a third dealership in Carson City, Nevada, known as Nissan Carson City ("NCC"). While the parties were preparing to open NCC, Defendant asked Plaintiff to manage both BN and QCN because the manager at QCN was not doing as well as Plaintiff had done. Plaintiff agreed to manage both branches and temporarily forego additional payment to invest the money into the partnership. Plaintiff never received payment for this extra service, which is currently worth $84,437.

When, NCC was close to opening, Defendant asked Plaintiff to move to Carson City for the purpose of managing it. Plaintiff was reluctant to relocate his family again but did so after Defendant promised this would be the last move for the partnership. Shortly after moving, Defendant, Plaintiff, and Nissan representatives met to discuss the opening of NCC, and everyone agreed that NCC was on track to open on schedule. However, Defendant subsequently informed Plaintiff that the partnership was ending, and that Plaintiff would not have any role with NCC because Nissan would not make Plaintiff a manager of NCC. Plaintiff claims that, even if that were true, it is because Defendant told Nissan representatives that Plaintiff was unable or unwilling to manage NCC.

Plaintiff then brought this case against Defendant alleging six causes of actions: breach of a duty of loyalty, tortious interference with a prospective economic advantage, dissolution of the partnership, unjust enrichment, promissory estoppel, and a derivative action on behalf of the partnership.

## LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but demands more than . . . 'labels and conclusions' or 'formulaic recitations of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility is satisfied where the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility does not require a demonstration of probability, but "asks for more than a sheer possibility." *Id.*

Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Consequently, while the Court "accept[s] all material allegations in the complaint as true and construe[d] . . . in the light most favorable to" the nonmoving party, *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), it is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is it required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

///

Upon granting a motion to dismiss, a court must then determine whether to allow leave to amend the complaint. A court should grant leave to amend unless "amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). That is, dismissal without leave to amend is appropriate only where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

**ANALYSIS**

*I.    Existence of a Limited Partnership*

Defendant claims the alleged facts are insufficient to show the existence of a limited partnership because Plaintiff does not allege that they filed a certificate of limited partnership in any state. Because of this failure, Defendant concludes that the Court should dismiss Plaintiff's claims of breach of fiduciary duty, derivative action, and application for dissolution. However, Plaintiff's allegations are sufficient to survive the motion to dismiss.

Utah does mandate that partners file a certificate to form a limited partnership.[1] Utah Code Ann. § 48-2e-201(4)(a). However, the certificate is for the protection of third parties doing business with the entity. *Rond v. Yeaman-Yordan-Hale Prods.*, 681 P.2d 1240, 1242 (Utah 1984). Accordingly, it does not affect the rights of the partners amongst themselves. *Id.*

///

---

[1] At this early stage of the proceedings, the Court does not determine the applicable law. However, both parties rely on Utah law for the applicable standard regarding formation of the alleged limited partnership. (*See* ECF No. 9 at 4 n.1 ("Defendant contends Utah law should apply to Plaintiff's claims concerning the alleged 'Partnership.'"); ECF No. 10 at 3:3–6 (quoting a Utah case).) Additionally, the parties do not point to any conflict of laws that would affect the outcome of this case.

Defendant argues that *Rond* is no longer good law since it relied on a repealed statute that did not mandate a certificate of limited partnership but merely "substantial compliance" with the rules. *Rond*, 681 P.2d at 1241 (citing Utah Code Ann. § 48-2-2(1) (1953)). However, the statutory amendment did not change the heart of the court's reasoning in *Rond*—the certificate is for third parties and not the partners. Other jurisdictions support this conclusion. *See* 59A Am. Jur. 2d Partnership § 795 (2020); 68 C.J.S. Partnership § 558 (2020). For example, the Hawaiian Supreme Court relied on *Rond* to say that the failure to file a certificate did not affect the rights of the partners amongst themselves despite the Hawaiian statute, Haw. Rev. Stat. § 425D-201 (1993), similarly mandating such a certificate. *Fujimoto v. Au*, 19 P.3d 699, 728 (Haw. 2001). Accordingly, Plaintiff has alleged facts sufficient to show a limited partnership and these claims shall proceed.

## II.    *Unjust Enrichment*

Defendant argues Plaintiff does not sufficiently allege unjust enrichment against him. For this cause of action, the plaintiff must show that he conferred a benefit to the defendant, which he accepted and unjustly retained without payment. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012). Defendant contends there is no allegation of an unjustly retained benefit.[2] However, in Paragraph 26, Plaintiff alleges that he consented to Defendant purchasing his ownership share of QCN for $98,942, which Defendant never paid to him. Additionally, in Paragraph 33, Plaintiff alleges that he worked as a manager for two dealerships, but Defendant

---

[2] In his reply, Defendant additionally argues that the Court should dismiss the unjust enrichment claim because Plaintiff admits that there is an express contract. The Court does not need to consider arguments first raised in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Nonetheless, even if Defendant properly raised this argument it would fail. While, Nevada law prohibits a claim of unjust enrichment where there is an express contract, *Leasepartners Corp. v. Robert L. Brooks Tr.*, 942 P.2d 182, 187 (Nev. 1997), such a claim may be brought in the alternative in case the evidence shows that there is no enforceable contract, *see Wynn Las Vegas, LLC v. Tofani*, No. 69936, 2017 WL 6541827, at *1 (Nev. App. Dec. 14, 2017).

only compensated him for working at one, which resulted in an underpayment of $84,437. Therefore, Plaintiff's allegations are sufficient to show that Defendant retained an unjust benefit.

### III.     Promissory Estoppel

Defendant raises two objections to Plaintiff's claim of promissory estoppel: (1) Defendant is not the appropriate party and (2) that promissory estoppel is inappropriate because Plaintiff was an at-will employee. Both of these objections fail.

Defendant first contends that "it was not [him] who would employ [Plaintiff]. . . . To the contrary, [Plaintiff] would have been employed by the alleged Partnership and/or NCC." (ECF No. 9 at 10:12–14.) However, according to Plaintiff's allegations, the partnership owns NCC, (ECF No. 1 Ex. 1 at ¶ 46), and Defendant is a general partner of the limited partnership, (*id.* at ¶ 11). Under Utah law, with some irrelevant exceptions, "all general partners are liable jointly and severally for all debts, obligations, and other liabilities of the limited partnership." Utah Code Ann. § 48-2e-404 (West). Even if Nevada law was applicable the same conclusion would result: "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners," NRS § 88.455, and "all partners are liable jointly and severally for all obligations of the partnership," NRS § 87.433. Thus, Defendant is an appropriate party for this cause of action.

Defendant's second objection also fails. Nevada law does generally bar at-will employees from bringing suits based on promissory estoppel and "all employees in Nevada are presumptively at-will employees." *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553–54 (Nev. 1995). However, the Nevada Supreme Court has recognized certain exceptions, including where the employer makes a definitive promise to the employee who reasonably relies on this promise to his detriment. *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989).

///

According to the allegations in the complaint, (1) Plaintiff and Defendant were engaged in an partnership intended to exist indefinitely, (ECF No. 1 Ex. 1 at ¶ 13), (2) Defendant promised Plaintiff he would operate in a partnership position over NCC and BN for "up to the next 15 years" (the amount of time that the partnership intended to own NCC), (ECF No. 1 Ex. At ¶¶ 31–32), and (3) that this would be Plaintiff's final move on behalf of the partnership, (ECF No. 1 Ex. 1 at ¶ 32). These allegations could show that Defendant made a definitive promise to Plaintiff evincing much more than a mere at-will employment. Accordingly, the claim may proceed.

### IV.   *Tortious Interference with Prospective Economic Advantage*

To bring a claim for tortious interference with prospective economic advantage, a plaintiff must demonstrate, among other things, "a prospective contractual relationship between the plaintiff and a third party." *In re Amerco Derivative Litig.*, 252 P.3d 681, 702 (Nev. 2011). The Complaint muddles the designation of the alleged third party. Plaintiff claims that there was a potential relationship between himself and NCC. (ECF No. 1 Ex. 1 at ¶ 54–61.) However, there is no allegation that this is actually a third party—indeed, other allegations evince that the dealerships are merely properties owned by the partnership. (*See, e.g.*, ECF No. 1 Ex. 1 at ¶ 10 ("[Defendant] sought [Plaintiff's] partnership in owning and operating car dealerships."); *id.* at ¶ 23 ("Nissan awarded the Partnership the opportunity to purchase a new store."))

On the other hand, Plaintiff appears to allege that the third party is Nissan in the general factual allegations of the Complaint. He alleges that Defendant made defamatory statements to Nissan representatives, (*id.* at ¶ 42), and then, Nissan representatives would not make Plaintiff the executive manager of NCC, (*id.* at ¶ 43). Plaintiff affirms this interpretation of the Complaint in his response brief stating that Defendant's statements to Nissan "interfere[ed] with [Plaintiff's] opportunity to become the corporate partner and manager of NCC," (ECF No. 10 at 5:26–27).

///

Even assuming that Plaintiff properly alleged Nissan as the third party, the allegations in the Complaint indicate that the partnership—not Nissan—controls employment at the dealerships. (*See, e.g.*, ECF No. 1 Ex. 1 at ¶ 19 ("[T]he Partnership deployed [Plaintiff] to open QCN.")). Accordingly, Plaintiff has not alleged a potential contractual relationship with any third party, and Court dismisses his claim.

Nonetheless, the Court does not find that amendment would be futile and therefore grants leave to amend the Complaint to cure any defects this Court has identified. However, should Plaintiff wish to bring additional claims or parties, he must follow the procedure set forth by Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Claim of Tortious Interference with Prospective Economic Advantage is DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND.

IT IS FURTHER ORDERED that Plaintiff has thirty days from the date of this Order to file an amended complaint. If Plaintiff declines to file an amended complaint, the case will proceed as described in this Order.

IT IS SO ORDERED.

Dated May 20, 2020.

_____
ROBERT C. JONES
United States District Judge