**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN KEALEY, | Case No. 3:19-cv-0741-RCJ-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| CHRIS RUSSELL, | |
| Defendant. | |

This case involves a dispute between the parties related to an alleged partnership to purchase and operate car dealerships. There currently two motions related to discovery matters pending before the court. First, Defendant Chris Russell filed a motion to stay discovery, (ECF No. 46), pending a decision by the district court regarding his motion to compel arbitration. (ECF No. 38). Plaintiff Sean Kealey opposed the motion stay, (ECF No. 47), and Defendant replied (ECF No. 50).

In addition, Plaintiff filed a motion to extend time to disclose his expert witness after failing to do so within the time set pursuant to the discovery plan and scheduling order in this case. (ECF No. 45). Defendant opposed the extension of time, (ECF No. 48), and Plaintiff replied. (ECF No. 49)

The court has reviewed the relevant pleadings and papers, and for the reasons stated below, the court grants Defendant's motion to stay discovery, (ECF No. 46), and denies as moot, Plaintiff's motion to extend the time to disclose his expert witness. (ECF No. 45).

**I.    LEGAL STANDARDS**

District courts enjoy wide discretion in controlling discovery, including in determining whether discovery should be stayed. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The movant bears the burden of showing that a stay of discovery is warranted. *See, e.g., Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL

9728688, at *2 (D. Nev. Nov. 28, 2007). A stay of discovery pending resolution of a motion pretrial is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). However, when the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration. *See Shaughnessy*, 2007 WL 9728688, at *2-3 (granting motion to stay discovery based on, inter alia, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration"). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g., Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

**II.    ANALYSIS**

Applying the framework outlined above, the Court finds that a stay of discovery is appropriate in this case.

### A.    Dispositive Nature of Motion to Compel

As to the first factor, Plaintiff concedes that the motion to compel arbitration is dispositive. (ECF No. 47 at 2). The Court agrees. *See Arik v. Meyers*, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (explaining dispositive nature of motion to compel arbitration). Therefore, the first factor weighs in favor of staying discovery.

### B.    Ability to Decide Motion to Compel Arbitration Without Discovery

Plaintiff asserts that the motion to compel arbitration cannot be decided without further discovery and therefore this factor is "not satisfied." (ECF No. 47 at 2). To support this argument, Plaintiff merely states that there is "not any evidence of a valid contract" without any further explanation. (*Id.*) However, Plaintiff fails to explain what, if any, discovery must be done or completed. Therefore, the court finds that the second factor also weighs in favor of a stay of discovery because it appears the motion to compel

arbitration can be decided without discovery.

### C. Preliminary Peek at the Motion to Compel Arbitration

The court next turns to its preliminary evaluation of the merits of the motions to compel arbitration. As noted above, the preliminary peek supports a stay of discovery when there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration. The parties disagree as to whether the court can find that the there is a "reasonable possibility or probability" that the district court will grant the motion. (See ECF No. 47 at 2). Defendants have identified an arbitration clause contained within a written agreement between the parties, which states as follows:

> <u>Arbitration</u>. The parties agree that all disputes, controversies, or claims that may arise among them, including without limitation, any dispute, controversy, or claim arising out of or relating to this Agreement, or in breach, termination, or invalidity thereof, shall be submitted to, and determined by, binding arbitration.

(ECF No. 38-1 at 5).

In response, Plaintiff argues that arbitration cannot be compelled in this case because, even if there is a valid agreement, the agreement was "waived or is unenforceable." (ECF No. 47 at 2). Not surprisingly, Defendants argue that Plaintiff's arguments lack merit. (See ECF No. 50). It remains to be seen whether the district judge will be persuaded by Plaintiff's arguments. However, having reviewed the underlying motion and arguments, the undersigned finds that there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to stay discovery pending resolution of Defendant's motion to compel arbitration. (ECF No. 46). In the event the motion to compel arbitration is denied, the parties are ordered to file a new proposed discovery plan and scheduling order within 21 days of the issuance of the order resolving the motion. The updated discovery plan shall include updated dates for all applicable discovery deadlines, including the deadlines for disclosing expert witnesses.

As such, the Court **DENIES** Plaintiff's motion to extend the time to disclose his expert as moot. (ECF No. 45).

**DATED**: August 6, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**